# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**TRAVIS GARRETT DICKEY**                                                         **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 3:17-CV-P632-JHM**

**MARION COUNTY DET. CTR.** *et al.*                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Travis Garrett Dickey leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, Plaintiff will be allowed to amend his complaint.

### I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at Marion County Detention Center (MCDC). He brings this action against Defendants MCDC and Correct Care Solutions (CCS), the medical provider at MCDC.

Plaintiff claims that Defendants violated his constitutional rights by failing to provide him with medical attention for a "severely painful rotten tooth." Plaintiff alleges that he filed his first request for medical attention regarding this tooth on September 15, 2017. Plaintiff states that he was given ibuprofen on this date and told that he would be put on a list to see a dentist. Plaintiff alleges that he filed another request for medical care on September 20, 2017, because "the excruciating pain was intolerable + only getting worse + had still seen no dentist." Plaintiff states that "medical" did not respond to this request. Plaintiff next alleges that on September 22, 2017, he asked "medical" if his family could pay for an "outside dentist visit" and that he was told "no." Plaintiff states that when he then filed another request "asking for an outside dentist

visit," he was given the name and phone number of a local dentist from the medical staff and was told that his family must contact the dentist and prepay for the dentist visit. Plaintiff states that, on the same day, his mother contacted this dentist and made payment arrangements. Plaintiff states that he informed "medical" payment had been made but that on September 26, 2017, he was advised that "they" had spoken to his mother and that she had agreed to wait for the "onsite dentist" to save money. Plaintiff claims that this was "never said by [his] mother in fact the outside dentist visit was in fact paid for <u>before</u> she contacted medical staff here." Plaintiff continues:

> Even after medical gave me all the information need to set-up an emergency outside dental visit + I complied with everything I was denied yet again + told that I had to wait for the onsite dentist to show up to the Jail. Today is October the 9th + I have yet to see a dentist or get any relief in regards to the excruciating painful tooth.

Plaintiff claims that his Eighth Amendment rights have been violated. Plaintiff also claims that the "17th annotation of the 14 Amendment has been violated when they denied my right to fair + regular treatment during my incarceration." Plaintiff concludes by stating: "In not filling their obligation to provide medical care I have produced a feeling of 'torture' due to the medications being uneffective. This constitutes cruel + unusual punishment."

As relief, Plaintiff seeks compensatory damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351

(6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

As written, Plaintiff's complaint fails to state a claim against either Defendant. Plaintiff's claims against MCDC are actually against Marion County as the real party in interest. *See, e.g.*, *Matthews v. Jones*, F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or private corporation is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978). The Sixth Circuit has held that this same standard applies to § 1983 claims against a private corporation, such as Defendant CCS. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."); *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("[Correctional Medical Systems, Inc.,]'s liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

Here, Plaintiff claims that his constitutional rights were violated by the denial of medical treatment for his tooth. However, he does not claim that a custom or policy of either Defendant was the "moving force" behind the alleged constitutional violation. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). Thus, Plaintiff's claims against both Defendants must be dismissed for failure to state a claim upon which relief may be granted.

The Court, however, will give Plaintiff the opportunity to amend his complaint to name as Defendants the individuals who violated his constitutional rights. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

## IV. CONCLUSION

**IT IS HEREBY ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint which describes how individuals employed by either MCDC and/or CCS took actions that allegedly caused the deprivation of his constitutional rights. Plaintiff should name these individuals as Defendants and sue them in their individual capacities. Plaintiff should also submit a completed summons form for each newly named Defendant within the same 30-day period.[1]**

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to

---

[1] Regarding the completion of the summons forms, Plaintiff must: (1) prepare a summons for each Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the defendants.

5

§ 1915A.  **Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

**The Clerk of Court is DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" written in the caption along with four blank summons forms.

Date: December 12, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.011